# IN THE COURT OF APPEALS OF IOWA

No. 15-0180
Filed August 19, 2015

IN RE THE MATTER OF W.A.K.,
Alleged to be Seriously
Mentally Impaired

W.A.K.,
     Respondent-Appellant.
_____

     Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

     Respondent appeals from the determination she was seriously mentally impaired. **REVERSED AND REMANDED.**

     Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

     Thomas J. Miller, Attorney General, Gretchen Witte Kraemer, Assistant Attorney General, and Patrick Jennings, County Attorney, for appellee.

     Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

W.A.K. appeals from the determination she is seriously mentally impaired as defined in Iowa Code section 229.1(17) (2015). She contends none of the statutory elements are supported by clear and convincing evidence.

I.

"An involuntary civil commitment proceeding is a special action that is triable to the court as an action at law." *In re B.T.G.*, 784 N.W.2d 792, 796 (Iowa Ct. App. 2010). Challenges to the sufficiency of the evidence in involuntary commitment proceedings are reviewed for correction of errors at law. Iowa R. App. P. 6.907; *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013). The allegations in an application for involuntary commitment must be proved by clear and convincing evidence. *In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998). For evidence to be clear and convincing "there must be no serious or substantial doubt about the correctness of a particular conclusion drawn from the evidence." *Id.* (citation and internal quotation marks omitted). A district court's findings are binding on us if supported by substantial evidence. *See id.*

II.

To support an involuntary commitment under Iowa Code chapter 229, the court must find the person is "seriously mentally impaired" or has a "serious mental impairment" as defined in section 229.1(17). That definition provides:

> "Seriously mentally impaired" or "serious mental impairment" describes the condition of a person with mental illness and because of that illness lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment, and who because of that illness meets any of the following criteria:

a. Is likely to physically injure the person's self or others if allowed to remain at liberty without treatment.

b. Is likely to inflict serious emotional injury on members of the person's family or others who lack reasonable opportunity to avoid contact with the person with mental illness if the person with mental illness is allowed to remain at liberty without treatment.

c. Is unable to satisfy the person's needs for nourishment, clothing, essential medical care, or shelter so that it is likely that the person will suffer physical injury, physical debilitation, or death.

W.A.K.'s brother applied to have her involuntarily committed. She was taken into immediate custody and examined. The physician's report pursuant to section 229.10(2) listed a diagnosis of "bipolar disorder, type I—currently manic with psychotic features." Before the commitment hearing the doctor amended the primary diagnosis to "amphetamine induced mania," and changed the recommendation to "mandatory follow through with intensive individual therapy" and "mandatory chemical dependency evaluation . . . along with mandatory follow through with recommendations." At the hearing, the doctor testified W.A.K.'s "condition cleared" without psychotropic medication and once W.A.K. stopped using Adderall, "the mania resolved on its own" and "this is a transient type of presentation, as opposed to a bipolar disorder" and the diagnosis was "for the episode itself," which had resolved once W.A.K. went off the Adderall. The doctor saw this as an abuse issue, not a chronic or persistent mental illness.

At the time of the hearing, W.A.K. was not suffering from a mental illness. The amphetamine-induced mania had resolved on its own. W.A.K. was not a person "with" a mental illness, *see* Iowa Code § 229.1(17), so substantial evidence does not support a finding she "*is* seriously mentally impaired." *See id.* § 229.12 (emphasis added).

Because our conclusion on this finding is dispositive, we need not address the findings she "*lacks* sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment," or the findings concerning dangerousness. *See id.* § 229.1(17).

III.

Because the court's finding that W.A.K. was seriously mentally impaired is not supported by substantial evidence, we reverse the decision of the court and remand for dismissal of the application.

**REVERSED AND REMANDED.**